FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 7 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-03029-BNB

LEON C. PICKFORD,

    Plaintiff,

v.

ARAPAHOE COUNTY SHERIFF'S DEPARTMENT,
SHERIFF GRAYSON ROBINSON,
DEPUTY NORRIS, # 02071, and
DEPUTY HERNANDEZ, # 03079,

    Defendants.

## ORDER TO DISMISS IN PART AND TO DRAW IN PART

Plaintiff, Leon C. Pickford, is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Correctional Facility in Sterling, Colorado. Mr. Pickford initiated this action by filing a Prisoner Complaint pursuant to 42 U.S.C. § 1983, asserting that while he was detained at the Arapahoe County Jail in 2005 he was subjected to excessive force in violation of his Eighth Amendment rights. Mr. Pickford seeks compensatory and punitive damages and medical treatment.

The claims asserted against Defendants Grayson Robinson, Deputy Norris, and Deputy Hernandez will be drawn to a district judge and to a magistrate judge.

Mr. Pickford, however, may not sue the Arapahoe County Sheriff's Department because it is not an entity separate from Arapahoe County and, therefore, is not a person under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. Feb. 11, 1993) (Table case). Any claims

asserted against the Sheriff's Department must be considered as asserted against Arapahoe County.

In addition, municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. **Monell v. New York City Dep't of Social Servs.**, 436 U.S. 658, 694 (1978); **Hinton v. City of Elwood, Kan.**, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. **City of Canton, Ohio v. Harris**, 489 U.S. 378, 385 (1989). Mr. Pickford does not allege an injury based on policy or custom. Mr. Pickford cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. **See Monell**, 436 U.S. at 694. Therefore, Defendant Arapahoe County Sheriff's Department will be dismissed from the action.

Accordingly, it is

ORDERED that Defendant Arapahoe County Sheriff's Department shall be dismissed from the action. It is

FURTHER ORDERED that the claims asserted against Defendants Grayson Robinson, Deputy Norris, and Deputy Hernandez shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this __7th__ day of ___January___, 2011.

BY THE COURT:

__s/Lewis T. Babcock__
LEWIS T. BABCOCK, judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-03029-BNB

Leon C Pickford
Doc No. 58311
Sterling Correctional Facility (SCF)
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on January 7, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk