IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-03029-MSK-BNB

LEON C. PICKFORD,

Plaintiff,

v.

SHERIFF GRAYSON ROBINSON,
DEPUTY NORRIS, # 02071, and
DEPUTY HERNANDEZ, #03079,

Defendants.

_____

**ORDER**
_____

This matter arises on two letters (the "Letters") filed by the plaintiff:

(1)  A letter filed January 24, 2010, wherein the plaintiff asks "why the four (4) subpoenas to produce documents and information have not been served by the court?" [Doc. #19] (the "Request for Issuance of Subpoenas"); and

(2)  A letter filed January 28, 2010, that appears to request appointment of counsel [Doc. # 21] (the "Request for Appointment of Counsel").

The relief sought in the Letters is DENIED.

The Letters are inappropriate for several reasons. The Letters are addressed to the district judge. The local rules of this court prohibit ex parte communication with judicial officers:

> In the absence of previous authorization, no attorney or party to
> any proceeding shall send letters, pleadings or other papers or
> copies directly to a judicial officer. Unless otherwise instructed, all
> matters to be called to a judicial officer's attention shall be
> submitted through the clerk, with copies served on all other parties

or their attorneys.

D.C.COLO.LCivR 77.2.

In addition, both Letters seek relief from the court. "A request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1). The plaintiff may not seek a court order through letters. All requests must be made in the form of a motion, and the request must be titled as a motion.

Once the defendants have entered an appearance, copies of papers filed in this court must be served on counsel for all other parties (or directly on any party acting *pro se*) in compliance with Fed. R. Civ. P. 5. Rule 5 provides that all pleadings filed after the original complaint and all written motions, notices, demands, or any similar paper must be served on every party. Fed. R. Civ. P. 5(a). "If a party is represented by an attorney, service under this rule must be made on the attorney . . . ." Fed. R. Civ. P. 5(b). Service upon other parties may be by mail. Id. Proof that service has been made is provided by a certificate of service. Id. at 5(d). This certificate should be filed along with the original papers and should show the day and manner of service. Id.

In his Request for Issuance of Subpoenas [Doc. #19], the plaintiff asks why the court did not serve several subpoenas he previously submitted to the court.[1] Discovery has not yet commenced. Therefore, any discovery requests are premature. Fed.R.Civ.P. 26(d)(1) and Notes under 2000 Amendment, Subdivision (d).

Once discovery has begun, all discovery requests and responses involving the defendants must be served directly on the defendants in accordance with the Federal Rules of Civil

---

[1] The subpoenas have been docketed as Documents #3, 4, 5, and 6.

Procedure.  Discovery materials shall not be filed with the court.  Fed. R. Civ. P. 5(d).

As to discovery sought from third parties, the plaintiff is not automatically entitled to the issuance of a subpoena even though he is proceeding *in forma pauperis*.  Burgess v. Andrews, 657 F.Supp. 1153, 1157 (W.D. N.C. 1987).  The court will serve a subpoena if satisfied that plaintiff's request is reasonable.  Id.  If the plaintiff submits a new request for subpoenas, it must include (1) a motion seeking the issuance of the subpoena(s); (2) the name and address of the witness(es) he wishes to subpoena; and (3) a detailed explanation of the purpose of the subpoena, including whether he is seeking to take testimony from the witness or whether he is seeking production of documents from the witness, or both.  If the plaintiff is seeking to take testimony from a witness, he must describe the subject matter he wishes to cover and explain why the testimony sought is relevant or reasonably calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b)(1).  If the plaintiff is seeking production of documents, he must describe the documents with specificity and explain why the documents sought are relevant or reasonably calculated to lead to the discovery of admissible evidence.  Id.

The plaintiff's Request for Appointment of Counsel appears to request appointment of counsel.  The plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 in a prisoner's civil rights case.  Counsel cannot be appointed and paid pursuant to 28 U.S.C. § 1915(e)(1) for this type of case.  I do, however, have broad discretion to direct the Clerk of the Court to attempt to obtain volunteer counsel for a plaintiff in a civil case.  See DiCesare v. Stuart, 12 F.3d 973, 979 (10th Cir. 1993).  In making this decision, I consider the following factors: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his claims, and (4) the complexity of legal issues

raised by the claims.  See Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995).

Here, the plaintiff's Complaint adequately presents his claims.  The factual and legal issues raised by the plaintiff's claims are not complex.  In addition, the allegations of the Complaint do not convince me that the plaintiff's chances of succeeding on the merits are strong.

IT IS ORDERED:

1.  The plaintiff's Request for Appointment of Counsel [Doc. #21] is DENIED;

2.  The plaintiff's Request for Issuance of Subpoenas [Doc. #19] is DENIED AS PREMATURE;

3.   All future applications to the court for relief shall be submitted in the form of a motion in compliance with Rule 7;

4.  After the defendants enter an appearance, all papers shall be served on counsel for the defendants in accordance with Rule 5 and shall be accompanied by a proper Certificate of Service; and

5.  Failure to comply with this order may result in sanctions, including dismissal of the Complaint.

Dated February 16, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge