IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-03029-MSK-BNB

LEON C. PICKFORD,

Plaintiff,

v.

SHERIFF GRAYSON ROBINSON,
DEPUTY NORRIS, # 02071, and
DEPUTY HERNANDEZ, #03079,

Defendants.

_____

**ORDER**
_____

This matter arises on the **Defendants' Motion for Protective Order to Stay Discovery** [Doc. #55, filed 05/13/2011] (the "Motion to Stay"). Also before me is the plaintiff's **Motion to Squash** [sic] **Defendant's Protective Order to Stay Discovery, and Objection** [Doc. #60, filed 05/27/2011]. I construe the plaintiff's motion solely as a response to the Motion to Stay (the "Response"). The Motion to Stay is DENIED.

The plaintiff seeks to compel documents and responses to interrogatories from the defendants. *Motion to Compel Discovery* [Doc. #50, filed 04/29/2011]. The defendants seek a protective order to stay discovery until their motion to dismiss [Doc. #33] is resolved. The defendants argue that they are likely to prevail on the motion to dismiss because the plaintiff's claims are barred by the statute of limitations.

"The decision to grant a protective order is vested in the district court's discretion" and will be reversed "only if that discretion is abused." Wang v. Hsu, 919 F.2d 130, 130 (10th

Cir.1990). Upon a showing of good cause, a protective order staying discovery may be issued "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1)(A). "It is appropriate for a court to stay discovery until a pending dispositive motion is decided, especially where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion, or where discovery on all issues of the broad complaint would be wasteful and burdensome." Kutilek v. Gannon, 132 F.R.D. 296, 298 (D.Kan. 1990).

The plaintiff filed his Prisoner Complaint on December 14, 2010 [Doc. #1] (the "Complaint"). He brings this action pursuant to 42 U.S.C. § 1983. *Complaint*, p. 3, § 1. He alleges that while incarcerated at the Arapahoe County Jail in November 2005, defendants Norris and Hernandez used excessive force on him, and defendant Robinson knew of and tolerated their behavior.

The defendants filed a motion to dismiss the Complaint on March 3, 2011 [Doc. #33]. The defendants seeks dismissal of the Complaint as barred by the statute of limitation.

Actions asserted under 42 U.S.C. § 1983 are subject to the general personal injury limitation period of the state in which the action arose. Hunt v. Bennett, 17 F.3d 1263, 1265 (10th Cir. 1994). The appropriate statute of limitation for §1983 actions arising in Colorado is two years. Id. at 1266; section 13-80-102, C.R.S. Federal law rather than state law determines when a cause of action accrues. See Industrial Constructors Corp. v. United States Bureau of Reclamation, 15 F.3d 963, 968 (10th Cir. 1994). "The statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the

basis of his action." Id. at 969. "A civil rights action accrues when facts that would support a cause of action are or should be apparent." Fratus v. Deland, 49 F.3d 673, 675 (10th Cir. 1995).

The allegations of the Complaint make clear that the plaintiff knew of the existence and cause of his injuries in November 2005. Therefore, absent tolling, the plaintiff's claims were likely barred in November 2007.[1]

The issue of tolling is governed by Colorado state law. See Fratus v. DeLand, 49 F.3d 673, 675 (10th Cir. 1995). Colorado's equitable tolling provisions are "limited to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." Dean Witter Reynolds, Inc. v. Hartman, 911 P.2d 1094, 1099 (Colo. 1996). Colorado's statutory tolling provisions apply only to "a minor under eighteen years of age, a mental incompetent, or a person under other legal disability and who does not have a legal guardian." See Colo.Rev.Stat. §§ 13-81-101, 103.

The plaintiff claims that for the past 35 years he has suffered from a learning disability and an IQ of less than 70. *Motion to Squash Defendant's Protective Order to Stay Discovery, and Objection* [Doc. #60] (the "Response"), p. 1, ¶¶ 1-2; p. 2, ¶ 4; p. 3, ¶ 1. Thus, it appears he is asserting that he is entitled to statutory tolling due to mental incompetence.

"Whenever the terms 'insane', 'insanity', 'mentally or mental incompetent', 'mental incompetency', or 'of unsound mind' are used in the laws of the state of Colorado, they shall be deemed to refer to the insane, as defined in section 16-8-101, C.R.S., or to a person with a

---

[1] I do not make any ruling on the merits of the issues presented in the defendants' motion to dismiss. I look at the merits of the motion only to assess the likelihood of the defendants' success for purposes of staying this action.

developmental disability, as defined in section 27-10.5-102, as the context of the particular law requires." C.R.S. § 27-10.5-135(1).

Under section 16-8-101, insanity is defined as "[a] person who is so diseased or defective in mind at the time of commission of the act as to be incapable of distinguishing right from wrong with respect to that act." The statute cautions that "care should be taken not to confuse such mental disease or defect with moral obliquy, mental depravity, or passion growing out of anger, revenge, hatred, or other motives, and kindred evil conditions, for when the act is induced by any of these causes the person in accountable to the law."

Developmental disability is defined in section 27-10.5-102 as "a disability that is manifested before the person reaches twenty-two years of age, that constitutes a substantial disability to the affected individual, and that is attributable to mental retardation or related conditions which include cerebral palsy, epilepsy, autism, or other neurological conditions when those conditions result in impairment of general intellectual functioning or adaptive behavior similar to that of a person with mental retardation."

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

It is plausible that the plaintiff suffers from a developmental disability as defined in section 27-10.5-102 which could entitle him to tolling of the limitation period. In November 2007, the plaintiff in Case No. 07-cv-02474-ZLW sued the same defendants over the same facts. The case was dismissed without prejudice for failure to cure filing deficiencies and failure to prosecute. The plaintiff alleges in his Complaint that his previous lawsuit was dismissed because he "couldn't function by himself sufficient enough to accomplish everything to do [in] this suit." *Complaint*, p. 8, ¶ 5. He further states that without the help of jailhouse lawyers, he would not have been able to file his current case. *Response*, p. 3, ¶ 5. He attaches to one of his motions the declaration of a fellow inmate, James Shiner, who states that from February 14, 2011, to May 18, 2011, he "has helped Mr. Pickford with all legal work due to his education level." *Motion to Squash Defendant's Protective Order to Stay Discovery, and Objection Document* [Doc. #64], p. 6.[2] In addition, the plaintiff raises the issue of his disability in his response to the defendants' motion to dismiss [Doc. #40]. Therefore, it is not obvious that the motion to dismiss will be granted.

Moreover, the plaintiff is seeking discovery concerning his disability. *Plaintiff's Motion to Compel Discovery*, [Doc. #50], p. 2 (requesting "education records" and "all IQ levels testing" from 1988 to 2011). To the extent these documents are sought in an attempt to prove that the plaintiff is entitled to tolling due to a disability, they may relate to the defendants' motion to dismiss. Under <u>Kutilek</u>, this case is not amenable to a stay.

IT IS ORDERED:

---

[2]The motion has been stricken by separate order as redundant. The exhibits attached to the motion were not stricken.

(1)   The plaintiff's Motion to Squash [sic] Defendant's Protective Order to Stay Discovery, and Objection [Doc. #60] is construed as a response to the defendant's Motion to Stay [Doc. #55]; and

(2)   The defendant's Motion to Stay [Doc. #55] is DENIED.

Dated June 23, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge