IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 10-cv-03029-MSK-BNB

LEON C. PICKFORD

  Plaintiff,
v.

SHERIFF GRAYSON ROBINSON
DEPUTY NORRIS, # 02071, and
DEPUTY HERNANDEZ, # 03079

  Defendants.

---

**OPINION AND ORDER GRANTING MOTION TO DISMISS**

---

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss **(#33)**, to which Plaintiff Leon C. Pickford responded **(#40 & 41)**, Defendants replied **(#46)**, and Mr. Pickford filed a sur-reply **(#53)**. Having considered the same, the Court **FINDS** and **CONCLUDES** the following.

**I. Jurisdiction**

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

**II. Background**

Mr. Pickford is an incarcerated state prisoner. According to his Complaint[1] (**#1**), on

---

[1]The Court is mindful that Mr. Pickford is proceeding *pro se* and, therefore, the Court construes Mr. Pickford's pleadings liberally and holds Mr. Pickford to a "less stringent standard" than pleadings drafted by lawyers in accordance with *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such liberal construction is intended merely to overlook technical formatting errors,

January 20, 2005, he was arrested for a parole violation in Denver, Colorado and eventually transferred to the Arapahoe County Jail. He alleges that on or around November 20, 2005, he was escorted, in full restraints, by Deputies Hernandez and Norris to a cell, where the two deputies threw him to the floor and jumped on him. He suffered a broken leg and kneecap, as well as damage to his foot. He asserts several civil rights claims against the two deputies and against Sheriff Robinson for failure to supervise and train.

On November 20, 2007, Mr. Pickford filed a Complaint in this Court alleging approximately the same facts and claims relating to this incident. Civil Action No. 07-cv-02474-ZLW, #**1**. On February 15, 2008, the claims were dismissed without prejudice for failure to file an amended 26 U.S.C § 1915 motion, as ordered by the Court, and failure to prosecute. Civil Action No. 07-cv-02474-ZLW, #**6**.

The Defendants move to dismiss on the grounds that Mr. Pickford's claims are barred by the statute of limitation.

### III. Analysis

Defendants move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. There is a strong presumption against dismissal for failure to state a claim under Rule 12(b)(6). *See Cottrell, Ltd. v. Biotrol Int'l, Inc.,* 191 F.3d

---

poor writing style, and other defects in the party's use of legal terminology, citation, and theories. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, cannot act as a *pro se* litigant's legal advocate, and a *pro se* plaintiff retains the burden to allege sufficient facts to state a viable claim. Furthermore, *pro se* status does not relieve a party of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court must apply the same standard to counsel licensed to practice law and to a *pro se* party. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

1248, 1251 (10th Cir. 1999). However, a claim must be dismissed if the complaint does not contain enough facts to make the claim "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if the complaint contains sufficient facts for a court to draw an inference that the defendant is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *id.* at 556). Although a plaintiff is not required to include detailed factual allegations in a complaint, the complaint must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" and must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In reviewing a complaint under Rule 12(b)(6), a court should accept, as true, all well-pleaded facts and construe all reasonable allegations in the light most favorable to a plaintiff. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

### 1. Statute of Limitation

The Defendants seek dismissal on the grounds that the claims are barred by the statute of limitation. Although normally a defendant in a civil case may not raise this affirmative defense by means of a motion to dismiss, the issue may be resolved by a Rule 12(b)(6) motion "when the dates given in the complaint make clear that the right sued upon has been extinguished." *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir.1980); *see also Lavarato v. Branney*, 210 P.3d 485, 489 (Colo. App. 2009) (under Colorado law, dismissal is appropriate "where the bare allegations of the complaint reveal that the action was not brought within the required statutory period.") (citations omitted).

According to the Complaint, the alleged wrongful conduct occurred on November 20, 2005. Mr. Pickford's injury and its alleged cause were known immediately. The Defendants

provide legal authority to show that the statute of limitation for the claims, all asserted under 42 U.S.C. § 1983, is two years. *Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir. 1993) (section 1983 does not specify statute of limitation so analogous state law governing personal injury should apply); C.R.S. § 13-80-102(g) (two year statute of limitation for "all actions upon liability created by a federal statute where no period of limitation is provided in said federal statute"). Colorado law also applies to questions such as accrual of a cause of action and tolling of the statute of limitation. *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006).

Mr. Pickford's claim accrued in November 2005, and so he had to file a lawsuit on these claims no later than November 2007. The Complaint in this case was filed on December 14, 2010, which is well past the limitation period. Although Mr. Pickford filed a lawsuit within the limitation period, his claims were dismissed and the case was closed. Under Colorado law, absent a specific statutory provision, the statute of limitation is not tolled during the pendency of a prior action, much less after the action is dismissed. *See King v. W. R. Hall Transp. and Storage Co.*, 641 P.2d 916, 920 (Colo. 1982) ("[W]hen a statute does not specifically allow for the tolling of a statute of limitations during the pendency of a prior action, a party cannot deduct from the period of the statute of limitations applicable to his case the time consumed by the pendency of an action in which he sought to have the matter adjudicated, but which was dismissed without prejudice as to him.") (citing 51 Am.Jur.2d Limitation of Actions s 311 (1970)); *see also Chilcott Entertainment L.L.C. v. John G. Kinnard Co., Inc.*, 10 P.3d 723, 726 (Colo.App. 2000) (citing authorities).[2] There appears to be no statutory provision that would

---

[2]The state remedial survival statute, C.R.S. § 13-80-111, permits a plaintiff to file a new action within 90 days if a complaint is dismissed for lack of jurisdiction. Given that Mr. Pickford's previous lawsuit was not dismissed on this basis and he did not refile until several

permit tolling of the statute of limitation during the pendency of Mr. Pickford's prior suit. Moreover, even if that time were deducted from the limitation period, his claims would still be untimely as the prior case was pending for less than four months and his Complaint was filed more than three years after the limitation period expired. Therefore, Mr. Pickford's lawsuit is untimely.

### 2. Tolling

In his response, Mr. Pickford appears to argue that the statute of limitation should be tolled because he was under a "disability," specifically because he has a low IQ and poor reading and writing skills. Mr. Pickford bears the burden of proof to show that tolling would apply here. *Lake Canal Reservoir Co. v. Beethe*, 227 P.3d 882, (Colo. 2010) (once the statute of limitation is raised as an affirmative defense, the burden shifts to the plaintiff to show that the statute has been tolled).

Colorado law permits tolling of the statute of limitation for a person under a "legal disability," defined by statute as "any person who is a minor under eighteen years of age, a mental incompetent, or a person under other legal disability and who does not have a legal guardian." C.R.S. § 13-81-101(3). Mr. Pickford may be attempting to argue that he was mentally incompetent during the relevant time period; he does not, however, offer any evidence of a prior adjudication of mental incompetency, which may be a prerequisite to the application of the tolling statute. *James v. Brookhart Lumber Co.*, 727 P.2d 1119, 1121 (Colo. App. 1986) (in order for person to be deemed "under a disability" for purposes of the tolling statute, an interested person must petition the court for a specific finding as to the existence of a legal

---

years later, this provision would not apply.

disability).

Even if a prior adjudication of incompetency is not required, Mr. Pickford's evidence does not demonstrate that he was under a legal disability in 2007 or thereafter. Under Colorado law, when the term "mentally or mental incompetent" is used in a statute, it is deemed to refer to the "insane," as defined in C.R.S. § 16-8-101, or to a person with a developmental disability, as defined in C.R.S. § 27-10.5-102. C.R.S. § 27-10.5-135; *Southard v. Miles*, 714 P.2d 891, 898 (Colo. 1986) (instructing courts to apply the definition in section 27-10.5-135 when determining whether a person is a mental incompetent under the tolling statute). An "insane" person under C.R.S. § 16-8-101(1) is one "who is so diseased or defective in mind at the time of the commission of the act as to be incapable of distinguishing right from wrong with respect to that act . . . ." A person with a developmental disability under C.R.S. § 27-10.5-102(11)(a) is one who has a "disability that is manifested before the person reaches twenty-two years of age, that constitutes a substantial disability to the affected individual, and that is attributable to mental retardation or related conditions which include cerebral palsy, epilepsy, autism, or other neurological conditions when those conditions result in impairment of general intellectual functioning or adaptive behavior similar to that of a person with mental retardation."

Mr. Pickford's evidence does not satisfy his burden of proof to show that he falls into one of these categories. To show his alleged disability,[3] he provides a Colorado Department of Corrections ("CDOC") Progress Assessment Summary dated January 5, 2011 showing that he "[h]as trouble with reading and writing." He also offers a CDOC document entitled "Diagnostic

---

[3] Mr. Pickford cites the Americans with Disabilities Act, 42 U.S.C. § 1201 *et seq*. ("ADA"), and related case law to demonstrate his alleged disability. However, as noted above, legal disability for the purposes of the tolling statute is not defined by reference to the ADA.

Narrative Summary," dated September 5, 2000, which shows his work history and skills, the results of a Test of Adult Basic Education (showing that his reading, language, and math skills are at approximately third grade level), and his weighted IQ (considered "Borderline").  None of this evidence suggests serious mental illness or developmental disability on par with mental retardation, particularly since the same documents show that Mr. Pickford was self-employed while on parole, has no prior mental health treatment or medication usage, and a test of his mental functioning showed "no remarkable mental or personality problems in this individual." Indeed, the filings in this Court demonstrate Mr. Pickford has adequate ability to assert his claims and conduct legal research, even if he has been assisted by others.  Therefore, he cannot demonstrate that he was under a legal disability during the relevant time period such that the statute of limitation should be tolled.

Mr. Pickford also cites case law concerning equitable tolling under Colorado law, which applies "when flexibility is required to accomplish the goals of justice," such as "when plaintiffs did not timely file their claims because of 'extraordinary circumstances' or because defendants' wrongful conduct prevented them from doing so."  *Morrison v. Goff*, 91 P.3d 1050, 1053 (Colo. 2004) (quotations omitted).  However, he offers no argument or evidence to show such extraordinary circumstances or any wrongful conduct by these Defendants that would have prevented him from timely filing his lawsuit.

Because the statute of limitation bars Mr. Pickford's claims and he has not carried his burden of proof to demonstrate that the statute of limitation should be tolled, his claims must be dismissed.

**IT IS THEREFORE ORDERED**

(1) Defendants' Motion to Dismiss **(#33)** is **GRANTED.**

(2) All claims asserted in Plaintiff's Prisoner Complaint (**#1**) are dismissed with prejudice because they are barred by the statute of limitation.

(3) The Clerk of the Court shall close this case.

Dated this 3rd day of October, 2011

                **BY THE COURT:**

*[signature: Marcia S. Krieger]*

                Marcia S. Krieger
                United States District Judge